IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

TAMERA KEARNS et al.                                                    PLAINTIFFS

V.                                        CIVIL ACTION NO. 3:17-CV-223-GHD-RP

KEITH KITE, et al.                                                     DEFENDANTS

## <u>ORDER DENYING MOTION TO STRIKE</u>

This matter is before the court on Defendants' Motion to Strike and/or Exclude

Witnesses.   Docket 54.   The defendants ask the court to strike Leah Dygert and Katie

Harrison, the plaintiff's treating professional counselors, from the pretrial order as potential trial

witnesses for the plaintiffs on the basis that said witnesses were not properly designated or

otherwise disclosed as expert witnesses.   As discussed below, the court finds the motion is not

well taken and should be DENIED.   However, the testimony of these two witnesses will be

limited to the facts and opinions contained in their treatment records that were provided to the

defendants in discovery.

Local Uniform Civil Rule 26(a)(2)(D) states as follows:

A party must designate physicians and other witnesses who are not retained or
specially employed to provide expert testimony but are expected to be called to
offer expert opinions at trial.   No written report is required from such witnesses,
but the party must disclose the subject matter on which the witness is expected to
present evidence under Fed.R.Evid. 702, 703 or 705, and a summary of the facts
and opinions to which the witness is expected to testify.   The party must also
supplement initial disclosures.

Under Federal Rule of Civil Procedure 26(e)(1)(a), a party who learns that a previous

Rule 26(a) disclosure or discovery response is incomplete or incorrect must supplement or

correct its disclosure or response in a timely manner "if the additional or corrective information

has not otherwise been made known to the other parties in the discovery process or in writing."

In Plaintiffs' Initial Disclosures in this case, among the individuals likely to have discoverable information relevant to the claims asserted, the plaintiffs listed the following:

> Any healthcare providers that treated Plaintiff Tamera Kearns by Journey to New Beginnings, 5627 Getwell Road, C-2, Southaven, MS 38671, (662) 349-2979, to provide expert medical testimony regarding Plaintiff Tamera Kearns' injuries, treatment, and ultimate diagnosis.

Docket 55-1. The plaintiffs also identified Journey to New Beginnings in their responses to various interrogatories requesting the identity of any therapist or counselor who attended or examined the plaintiff as a result of the subject incident; requesting the identity of persons having knowledge of discoverable matters with respect to the subject incident; and requesting the identity of any future medical treatment anticipated by reason of the subject incident and any health care provider that has advised of the necessity of future medical treatment. Docket 55-2. In response to an interrogatory requesting the identity of experts whom the plaintiffs or their attorneys have consulted concerning the subject matter of the case, the plaintiffs included the following statement:

> Plaintiff, however, discloses her treating physicians and healthcare providers as possible expert witnesses to the extent that they may offer opinions as to their knowledge of the injuries sustained by Plaintiff as described in Plaintiff's Complaint as a result of the incident described in Plaintiff's Complaint, Plaintiff's condition prior to and subsequent to the incident, how these injuries have affected and will affect Plaintiff's life, the necessity of medical care and future medical care, and the reasonableness of any charges incurred.

*Id.* The plaintiffs also provided the defendants with 67 pages of treatment records from Journey to New Beginnings, and all of the included clinical notes were signed either by Leah Dygert or by Katie Harrison. Docket 55-3. Defense counsel later questioned the plaintiff Tamera Kearns during her deposition regarding her records from Journey to New Beginnings, during

which examination Leah Dygert and Katie Harrison were mentioned by name.   Docket 55-4.

The court is satisfied that with the above combination of Rule 26(a) disclosures and responses to discovery requests, the plaintiffs sufficiently placed the defendants on notice that the plaintiffs may call Leah Dygert and Katie Harrison to offer expert testimony, as Ms. Kearns' treating professionals at Journey to New Beginnings, regarding their treatment and diagnosis of Ms. Kearns.   Although the Rule 26(a) disclosure itself was insufficient to designate Dygert and Harrison as expert witnesses, the court finds that the additional necessary information was otherwise made known to the defendants in the discovery process.

Leah Dygert and Katie Harrison being Tamera Kearns's treating professionals and not being retained or specially employed to provide expert testimony, written reports signed by them were not required.   However, because no written reports were provided, their testimony will be limited to the facts and opinions contained in the produced treatment records of Journey to New Beginnings.  *See Benton v. Wal-Mart Stores East, LP*, No. 3:11cv313-TSL-MTP, 2012 WL 1657134, *1-2 (S.D. Miss. May 10, 2012) (holding where no formal expert designation was provided, testimony of treating physicians listed in interrogatory response was limited to scope and content of provided medical records); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104-DCB-JMR, 2011 WL 1304459, *2 (S.D. Miss. April 6, 2011) (holding plaintiffs were allowed to rely on medical records as descriptions of opinions about which treating physicians would testify); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007) (holding that in absence of written report and other information required by Rule 26(a)(2)(B), testimony of identified treating physicians was limited to facts and opinions contained in medical records).   The defendants' objection to these two witnesses based on the claimed discovery violation will be stricken from the pretrial order.

SO ORDERED, this the 9th day of January, 2019.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE